# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

NICHOLAS COLE,
    *Plaintiff*,

v.

RADAMES GONCE, *et al.*,
    *Defendants.*

No. 3:19-cv-978 (VAB)

## INITIAL REVIEW ORDER

Nicholas Cole ("Plaintiff"), *pro se* and currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut, has filed a Complaint under 42 U.S.C. § 1983 against the City of West Haven, Officer Radames Gonce, Captain Proto, Commissioner Raymond Collins, and Chief of Police John Karajains for violating his constitutional rights during his arrest. Compl., ECF No. 1 (June 21, 2019).

On June 28, 2019, U.S. Magistrate Judge William I. Garfinkel granted Mr. Cole's motion to proceed *in forma pauperis*. *See* Order, ECF No. 6 (June 28, 2019).

Mr. Cole seeks monetary, injunctive, and declaratory relief. For the following reasons, the Complaint is **DISMISSED in part**.

## I. BACKGROUND

On June 29, 2017,[1] West Haven Police Officer Radames Gonce arrested Mr. Cole on suspicion of a burglary at 45 Ivy Circle, Apartment A, in West Haven. Compl. ¶ 7. Mr. Cole allegedly had been walking down Clark Street on his way to his friend's house on Whales Street,

---

[1] Mr. Cole alleges that his arrest occurred on June 9, 2017. Compl, ¶ 7. However, the Case Detail Report on the state judicial website reflects that his arrest occurred on June 29, 2017. *State v. Cole*, No. A22M-CR17-0094295-S (Conn. Super. Ct. Apr. 27, 2018), https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=1fbe4f46-2e19-4d39-955e-f5755f19c47b. Mr. Cole pleaded guilty to sale of a hallucinogenic/narcotic substance, in violation of Conn. Gen. Stat. § 21a-277(a), and was sentenced on April 27, 2018, to four years in

because his truck had been parked on his friend's property. *Id.* ¶ 8. While walking there, Officer Gonce pulled his cruiser alongside Mr. Cole and stopped him at the corner. *Id.* ¶¶ 8–9.

Officer Gonce allegedly ordered Mr. Cole to stand against his cruiser, and then frisked and questioned him. Compl. ¶ 10. He allegedly asked Mr. Cole to show him the bottom of his shoes, at which point Officer Gonce's partner said to him, "It does not match. It does not match." *Id.* ¶ 11. Nevertheless, Officer Gonce allegedly placed Mr. Cole inside his cruiser. *Id.* ¶ 12. At some point, another detective allegedly arrived, removed Mr. Cole from Officer Gonce's cruiser, and turned his hat around to identify Mr. Cole. *Id.* ¶ 13. Afterward, Officer Gonce allegedly tightly handcuffed Mr. Cole and allegedly placed him back in the cruiser. *Id.*

Mr. Cole alleges that the arrest happened on a very warm day, somewhere between 95 and 100 degrees. Compl. ¶ 14. He allegedly requested that Officer Gonce turn on the air conditioner in the cruiser; but instead, Officer Gonce allegedly closed all the windows and turned the heat on full blast. *Id.* Mr. Cole remained inside the cruiser for approximately forty-five minutes to one hour, repeatedly requesting that Officer Gonce turn off the heat, but Officer Gonce allegedly refused. *Id.* ¶¶ 15–16. Afterward, the officers brought Mr. Cole to the West Haven police station. Mr. Cole allegedly posted bond and the police released him the next day. *Id.* ¶ 17. After going to state court in Milford on four or five occasions, the case allegedly was dimissed.[2] *Id.* ¶ 18.

The West Haven Police Department allegedly seized and impounded Mr. Cole's truck, which had been parked at his friend's house on Whales Street. Compl. ¶ 19. Mr. Cole alleges that

---

prison. *Id.*

[2] Mr. Cole's judicial record shows he was convicted of sale of a hallucinogenic/narcotic substance from his June 29, 2017 arrest. *See supra* note 1. Thus, it is unclear what Mr. Cole meant by the allegation that his case was dismissed.

no warrant was ever issued to search or seize the truck. *Id.* Mr. Cole ultimately lost the truck, allegedly because officers told him that he could not retrieve it until his case was disposed, and the truck had to be removed from the impound lot after ninety days. *Id.* at ¶¶ 19–20. The alleged value of the truck and its contents was $6,000. *Id.* ¶ 20.

Officer Gonce allegedly had arrested Mr. Cole on three prior occasions and has stopped him on at least forty occasions, which Mr. Cole alleges constitutes harassment. Compl. ¶ 21. Officer Gonce allegedly was fired from his position as a West Haven police officer in 2018. *Id.* ¶ 22.

On the day of the dismissal of his case, Mr. Cole alleges that his attorney told him that the prosecutor knew about the circumstances of his arrest, including that Mr. Cole had been placed in the cruiser with the heat on and the windows closed. Compl. ¶ 23. The prosecutor allegedly said that the Internal Affairs department wanted to speak with Mr. Cole. *Id.* Two Internal Affairs officers and Captain Proto interviewed Mr. Cole about his arrest. *Id.* They conducted a second interview with Mr. Cole two months later, which allegedly was recorded. *Id.* ¶ 24.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory);

*Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

**III. DISCUSSION**

Mr. Cole has sued the Defendants in their individual and official capacities for violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and state tort law. Compl. ¶¶ 5, 25. Specifically, he brings claims of false arrest, malicious prosecution, excessive force, assault, battery, and unreasonable search and seizure. *Id.*

Mr. Cole also has sued the City of West Haven, and the supervisory defendants (Commissioner Collins and Chief Karajains) for failing to develop and enforce adequate policies and/or train their police officers to protect citizens against such violations. *See id.* ¶¶ 26–27.

**A. The Fourteenth Amendment Claims**

Mr. Cole brings his claims against the defendants under both the Fourth Amendment and the Fourteenth Amendment. Courts in this Circuit, however, analyze claims arising from arrests and events before arraignment under the Fourth Amendment. *See Perkins v. Teele*, No. 3:15-cv-1137 (JCH), 2018 WL 3541864, at *3 n.4 (D. Conn. July 23, 2018) (noting the Fourth Amendment standard is applied to arrestees, rather than the Fourteenth Amendment for pretrial detainees, for claims of excessive force). The Fourteenth Amendment typically applies to claims brought by pretrial detainees for events that occurred post-arraignment. *Id.*

Accordingly, with the exception of his loss of property claim,[3] the Court will analyze Mr. Cole's arrest-related claims under the Fourth Amendment.

The Supreme Court has held that a procedural due process claim under the Fourteenth Amendment for the negligent or intentional deprivation of property is not cognizable under § 1983 where there exist adequate state law post-deprivation remedies. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *see also Davis v. State of New York*, 311 F. App'x 397, 400 (2d Cir. 1999). Connecticut law provides post-deprivation remedies for individuals claiming unauthorized deprivations of property by state or municipal officials. *Montanez v. Cuoco*, No. 3:07-cv-236 (MRK), 2008 WL 2945498, at *4 (D. Conn. July 28, 2008), *overruled on other grounds*, 361 F. App'x 291 (2d Cir. 2010); *S. v. Webb*, 602 F. Supp. 2d 374, 386 (D. Conn. 2009); *see also Doutel v. City of Norwalk*, No. 3:11-cv-01164 (VLB), 2013 WL 3353977, at *16 (D. Conn. July 3, 2013) (applying *Parratt* and *Hudson* to due process claim against municipal employees). Section 54-36a[4] of the Connecticut General Statutes provides an adequate post-deprivation procedure by which an individual may regain possession of property seized by the police. *Doutel*, 2013 WL 3353977 at *17.

---

[3] *See* Section III, F, *infra*.

[4] Section 54-36a(c) of the Connecticut General Statutes provides:

> Unless such seized property is stolen property and is ordered returned pursuant to subsection (b) of this section or unless such seized property is adjudicated a nuisance in accordance with section 54-33g, or unless the court finds that such property shall be forfeited or is contraband, or finds that such property is a controlled drug, a controlled substance or drug paraphernalia as defined in subdivision (8), (9) or (20) of section 21a-240, it shall, at the final disposition of the criminal action or as soon thereafter as is practical, or, if there is no criminal action, at any time upon motion of the prosecuting official of such court, order the return of such property to its owner within six months upon proper claim therefor.

To the extent Mr. Cole is attempting to state a due process claim for the loss of his truck and any personal property contained therein, his claim is not cognizable here. Mr. Cole has not shown that this post-deprivation remedy is inadequate or unavailable.

Accordingly, his due process claim against the defendants regarding the loss of his truck and its contents, and therefore all Fourteenth Amendment claims will be dismissed.

### B. Fourth Amendment Unreasonable Search and Seizure Claim

"The Fourth Amendment prohibits unreasonable searches and seizures." *Milner v. Duncklee*, 460 F. Supp. 2d 360, 367 (D. Conn. 2006). "A 'search' in the context of the Fourth Amendment occurs when the police intrude upon a person's reasonable expectation of privacy or if the police otherwise trespass upon one's person, house, papers, or effects for the purpose of acquiring information." *Conroy*, 275 F. Supp. 3d at 340 (citing *Florida v. Jardines*, 569 U.S. 1 (2013)). "A plaintiff may bring a [§] 1983 action for an unreasonable warrantless search." *Doe v. Bridgeport Police Dep't*, No. 3:00-cv-2167 (JCH), 2000 WL 33116540, at *4 (D. Conn. Nov. 15, 2000). If the plaintiff has a reasonable expectation of privacy in the place being searched, the defendants have the burden of showing that the search was valid because it satisfied an exception to the warrant requirement. *Id.*

In this case, Mr. Cole claims that the warrantless search and seizure of his truck after his arrest violated the Fourth Amendment. One of the established exceptions to the warrant requirement is an inventory search of an arrestee's property. *Doe*, 2000 WL 33116540, at *4; *U.S. v. Mendez*, 315 F.3d 132, 137 (2d Cir. 2002). "Such searches are constitutional under the Fourth Amendment because they 'serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the

7

police from danger.'" *Mendez*, 315 F.3d at 137 (quoting *Colorado v. Bertine*, 479 U.S. 367, 372 (1987)). "[I]f a search an impounded car for inventory purposes is conducted under standardized procedures, that search falls under the inventory exception to the warrant requirement of the Fourth Amendment, notwithstanding a police expectation that the search will reveal criminal evidence." *U.S. v. Lopez*, 547 F.3d 364, 372 (2d Cir. 2008).

Because it is not entirely clear at this stage of the proceeding whether the search and seizure of the truck satisfied the inventory exception, the Court will permit Mr. Cole's Fourth Amendment search and seizure claim to proceed at this time.

### C. Claims Against the City of West Haven

"Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). To prevail on a claim against a municipality under § 1983 based on the actions of a public official, Mr. Cole must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008).

Mr. Cole is also suing the City of West Haven, Officer Gonce's employer, for an alleged failure to develop and maintain policies to ensure proper adherence to a citizen's constitutional rights when conducting an arrest. *See* Compl. ¶ 26. He claims that "[i]t was/is the policy and/or custody of the City to inadequately supervise and train its police officers including defendant Gonce thereby failing to adequately discourage further constitutional violations on the part of it's [sic] police officers." *Id.*

8

In this case, Mr. Cole alleges with no factual support that Officer Gonce's conduct related to a policy, custom, or practice established or implemented by the City of West Haven. This bare assertion alone, however, is insufficient to state a claim for municipal liability against the city. *See Roe*, 542 F.3d at 36 ("'In other words, a municipality may not be found liable simply because one of its employees committed a tort.'" (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 405 (1997))). Moreover, to the extent Mr. Cole is suing the city for its failure to adequately investigate his claims against Officer Gonce, he has not alleged a violation of a constitutional right. *See Santossio v. City of Bridgeport*, No. 3:01-CV-1460 (RNC), 2004 WL 2381559, at *4 (D. Conn. Sept. 28, 2004) (no constitutional right to adequate investigation or "after-the-fact punishment" by police officials); *Appletree v. City of Hartford*, 555 F. Supp. 224, 227 (D. Conn. 1983) (rejecting plaintiff's claim that police departments' civilian complaint policy violates constitutional rights).

Accordingly, because Mr. Cole's municipal liability claim is entirely conclusory, this claim will be dismissed.

**D. Claims Against Captain Proto, Commissioner Collins, and Chief Karajains**

A plaintiff who sues a supervisory official for monetary damages must allege that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the

official failed to take action in response to information regarding the unconstitutional conduct. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

Mr. Cole only alleges that Captain Proto participated in the Internal Affairs investigation following his arrest. Compl. ¶¶ 23–24. Construing his allegations liberally, it is reasonable to infer at this stage of the proceeding that Captain Proto learned about Officer Gonce's conduct on June 29, 2017, because he participated in the Internal Affairs investigation after the arrest. Although Mr. Cole does not specifically allege the outcome of that investigation, the Court will permit his Fourth Amendment claims and state law assault and battery claims to proceed against Captain Proto on a theory of supervisory liability based on a failure to take action in response to learning of the violations.

Mr. Cole has not, however, alleged sufficient facts to state a plausible supervisory liability claim against Commissioner Collins or Chief Karajains. There are no facts showing how, if at all, either of these defendants learned of the circumstances surrounding Mr. Cole's arrest on June 29, 2017. Mr. Cole appears to be suing them only because of their supervisory roles in the West Haven Police Department. *See* Compl. ¶ 27 ("Defendant[s] Collins and Karajains would be responsible for the training and supervision of all police officer[s] and developing and enforcing policies, regulations, conduct and customs of the officers under their command"). These factual allegations, however, are insufficient to state a plausible entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Accordingly, the claims against Commissioner Collins and Chief Karajains will be dismissed.

**E. Fourth Amendment Claim for False Arrest and Malicious Prosecution**

"Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "To state a valid claim for false arrest or malicious prosecution under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims." *Henderson v. Williams*, No. 3:10-cv-1574 (MPS), 2013 WL 2149698, at *3 (D. Conn. May 16, 2013) (quoting *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012)).

"Under Connecticut law, a plaintiff seeking to bring a malicious prosecution or false arrest claim must furnish proof that the underlying charges were terminated in his . . . favor." *Id.* (citing *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011)).[5] Specifically, the plaintiff must allege that "(1) the defendant initiated or continued criminal proceedings against [him]; (2) the criminal proceeding terminated in [his] favor . . . (3) the defendant acted without probable cause; and (4) the defendant acted with malice." *Conroy v. Caron*, 275 F. Supp. 3d 328, 348 (D. Conn. 2017) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009)). "The

---

[5] "The distinction between [malicious prosecution and false arrest] lies in the existence of valid legal authority for the restraint imposed. If the defendant complies with the formal requirements of the law, as by swearing out a valid warrant . . . . [h]e is therefore liable, if at all, only for a misuse of legal process to effect a valid arrest for an improper purpose . . . . [t]he weight of modern authority is that where the defendant has attempted to comply with legal requirements, and has failed to do so through no fault of his own, false imprisonment will not lie, and the remedy is malicious prosecution." *Lo Sacco v. Young*, 20 Conn. App. 6, 20 (1989) (quoting W. Prosser, Torts (4th Ed.) § 11).

11

existence of probable cause is a complete defense to claims for false arrest and malicious prosecution under § 1983." *Id.* at 349 (citing *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014); *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010)).

"'Probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that on offense has been committed by the person to be arrested.'" *Boyd v. City of New York*, 336 F.3d 72, 75–76 (2d Cir. 2003) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)); *see also Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("An officer has probable cause to arrest when in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense." (citing *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)). "[T]he plaintiff [] bears the burden of proof in rebutting the presumption of probable cause that arises from the indictment." *Savino v. City of New York*, 331 F.3d 63, 73 (2d Cir. 2003).

It is unclear from the Complaint whether "the criminal proceeding[s] terminated in [Mr. Cole's] favor." State records show that he pleaded guilty to a narcotics offense on April 27, 2018, stemming from his June 29, 2017 arrest. *See State v. Cole*, No. A22M-CR17-0094295-S (Conn. Super. Ct. Apr. 27, 2018). Mr. Cole, however, does allege that he was arrested on suspicion of burglary, of which he was not convicted, that his "case [was] dismissed," and that Officer Gonce had arrested and detained him on multiple occasions prior to June 29, 2017. Compl. ¶¶ 7, 18, 21. This, however, is insufficient to demonstrate criminal proceedings were terminated in his favor. "[A] § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Jaynes v. Walkley*, No. 3:15-cv-01420 (VAB), 2016 WL 1573442, at *3 (D. Conn. Apr. 19, 2016) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *but see Murphy v. Lynn*, 118 F.3d 938, 948 (2d Cir. 1997) ("Where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused, for these purposes, only when its final disposition is such as to indicate the innocence of the accused.").

Furthermore, it is unclear that no probable cause existed for Mr. Cole's arrest. "[I]f probable cause existed for the arrest, the plaintiff[] cannot satisfy elements of either a false arrest claim or a malicious prosecution claim under § 1983." *Shattuck*, 233 F. Supp. 2d at 307. An arresting officer only needs probable cause, not certainty of prosecution, when making a lawful arrest. *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). "[N]o federal civil rights claim for false arrest can exist where the arresting officer had probable cause[.]" *Id.* (citation omitted).

Mr. Cole suggests no probable cause existed when he refers to another officer's statements after examining the bottom of his shoe. Compl. ¶ 11 ("Officer Gonce asked the plaintiff to see the bottom of his shoes and immediately the Jane Doe Officer said to Officer Gonce it does not match, It [sic] does not match."). Despite that, Mr. Cole was placed in the cruiser, *id.* ¶ 10, and eventually brought to West Haven Police Station where he was booked, *id.* ¶ 17. Mr. Cole refers only to one fact that likely went into the determination regarding probable cause.

Unless Mr. Cole can better explain why Officer Gonce lacked probable cause, his claim cannot proceed.

13

"In analyzing claims of false arrest and false imprisonment, federal courts look to the law of the state in which the arrest or imprisonment occurred." *Marchand v. Hartman*, 395 F. Supp. 3d 202, 216 (D. Conn. 2019) (citing *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). In Connecticut, "[f]alse imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another." *Pizarro v. Kasperzyk*, 596 F. Supp. 2d 314, 318 (D. Conn. 2009) (quoting *Green v. Donroe*, 186 Conn. 265, 267 (1982)). "False imprisonment falls into the category of intentional torts . . . . in order for liability to be imposed, a person must purposively act to confine another or must act with the knowledge that the confinement is likely." *Bryans v. Cossette*, No. 3:11-cv-01263 (JCH), 2013 WL 4737310, at *12 (D. Conn. Sept. 3, 2013). The plaintiff bears the burden of proving unlawful arrest and the absence of probable cause. *Marchand*, 395 F. Supp. 3d at 216 (citations omitted). "[T]he Second Circuit has held that favorable termination is [also] an element of false arrest under Connecticut law." *Jordan v. Town of Windsor*, 2018 WL 1211202, at *6 (D. Conn. Mar. 8, 2018) (alterations in the original) (quoting *Ruttkamp v. De Los Reyes*, No. 3:10-cv-392 (SRU), 2012 WL 3596064, at *12 (D. Conn. Aug. 20, 2012).

Mr. Cole does not allege facts which suggest that his imprisonment was unlawful. For the same reasons as his malicious prosecution claim, Mr. Cole fails to allege facts which suggest probable cause was absent. *See Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.").

Accordingly, Mr. Cole's false arrest claim will be dismissed.

## F. Fourth Amendment Excessive Force Claim

"The Fourth Amendment's protection against unreasonable seizures prohibits the use of excessive force by [law enforcement] officers in arresting suspects." *Orr v. Waterbury Police Dep't*, No. 3:17-cv-788 (VAB), 2018 WL 780218, at *5 (D. Conn. Feb. 8, 2018) (citing *Hemphill v. Scott*, 141 F. 3d 412, 416–17 (2d Cir. 1998)). To state a Fourth Amendment claim for excessive force, Mr. Cole must allege facts showing that the defendant's use of force was "objectively unreasonable." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). The "reasonableness" of the use of force must be judged from the perspective of a reasonable officer on the scene. *Id.* (citing *Graham*, 490 U.S. at 396). It "requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Hemphill*, 141 F.3d at 417).

In this case, Mr. Cole has stated a plausible excessive force claim against Officer Gonce. He alleges that Officer Gonce placed him in his police cruiser on a particularly warm day, closed all the windows, and turned up the heat, where Mr. Cole remained for approximately forty-five minutes to one hour.

Accordingly, the Court will permit the Fourth Amendment excessive force claim to proceed against Officer Gonce.

### D. Assault and Battery

A federal district court can exercise supplemental jurisdiction over a state law claim if:

> (1) there is a claim arising under the federal constitution or federal laws; (2) the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises but one constitutional case; (3) the federal claim has substance

15

> sufficient to confer subject matter jurisdiction on the court; and (4) the state and federal claims derive from a common nucleus of operative fact.

*Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir. 1989), *abrogated on other grounds*, *Graham*, 490 U.S. 386; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). In Connecticut, a civil assault is defined as "the intentional causing of imminent apprehension of harmful or offensive contact with another." *German v. Dzurenda*, No. 3:09-cv-1316 (SRU), 2011 WL 1214435, at *22 (D. Conn. Mar. 28, 2011). "[A]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Id.* (quoting *Alteiri v. Colasso*, 168 Conn. 329, 334, n.3 (1975)).

Because the Court has permitted Mr. Cole's Fourth Amendment excessive force claim to proceed against Officer Gonce, the Court will exercise supplemental jurisdiction over the assault and battery state law claims, which appear to be based on the same conduct.

Accordingly, those claims may also proceed against Officer Gonce.

### G. Declaratory and Injunctive Relief

Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of that right or a disturbance of the relationship." *Colabella v. Am. Inst. of Certified Pub. Accountants*, No. 10-CV-2291 (KAM) (ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citations omitted). Declaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages. *See In re Combustion Equip. Assoc., Inc.*, 838 F.3d 35, 37 (2d Cir. 1998).

In addition to monetary damages, Mr. Cole seeks a declaration that "the acts/or omissions by [the] defendants were unconstitutional" and an injunction "restraining . . . officers and develop[ing] and enforc[ing] policies/regulations that will not violate[] citizen rights." Compl. ¶¶ 3, 26. Mr. Cole's requests are unwarranted in this case.

Here, Mr. Cole's requests for declaratory and injunctive relief only concern past actions (i.e. Officer Gonce's conduct on June 29, 2017). He has not identified any ongoing legal relationships or issues that require resolution by equitable relief. *See Inside Connect, Inc. v. Fischer*, No. 13-CV-1138 (CS), 2014 WL 2933221, at *7 (S.D.N.Y. June 30, 2017) (Eleventh Amendment bars claim for injunctive relief against state official based on past conduct that is no longer ongoing); *Ward v. Thomas*, 207 F.3d 114, 119–20 (2d Cir. 2000) (Eleventh Amendment bars declaration that state violated federal law in the past). Moreover, "an injunction [must] be 'more specific than a simple command that the defendant[s] obey the law.'" *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 620 (S.D.N.Y. 2018) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011)).

As currently drafted, Mr. Cole's claim for declaratory relief, regarding the alleged violation of his rights during his arrest in 2017 and an injunction commanding the city to develop more adequate policies and procedures for dealing with arrestees, therefore fall short and will be dismissed.

## IV. CONCLUSION

### ORDERS

(1) The case shall proceed against Officer Gonce and Captain Proto on the Fourth

Amendment claims for excessive force and unreasonable search and seizure and the state law claims for assault and battery. All other claims are dismissed without prejudice. To the extent Mr. Cole believes he can allege facts curing the factual deficiencies of the dismissed claims, he may file an amended complaint by **May 1, 2020. Failure to file an amended complaint by May 1, 2020, will result in the dismissal of those claims with prejudice.**

(2) **By April 20, 2020**, the Clerk shall mail a waiver of service of process request packet containing the complaint (ECF No. 1) and this Order to Officer Radames Gonce and Captain Proto at the West Haven Police Department, 200 Saw Mill Road, West Haven, CT 06516.

(3) The Clerk shall report to the Court on the status of the waiver requests by **April 24, 2020**. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him/her and he/she shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The Clerk shall send a courtesy copy of the complaint and this Order to the West Haven Corporate Counsel at 355 Main Street, West Haven, CT 06516.

(5) The defendants shall file their response to the Complaint, either an Answer or motion to dismiss, by **June 5, 2020**. If they choose to file an Answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by **October 2, 2020**. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re:

Initial Discovery Disclosures," which will be sent to the parties by the Court. The order can also be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders.

(8) All motions for summary judgment shall be filed by **November 6, 2020**.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Mr. Cole changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Mr. Cole must give notice of a new address even if he is incarcerated. Mr. Cole should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Cole has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of April, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE