**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NICHOLAS COLE, : | |
| Plaintiff, : | |
| : | CASE NO. |
| v. : | 3:19-CV-978 (OAW) |
| : | |
| RADAMES GONCE, et al., : | |
| Defendants. : | |

**RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the court upon the cross-motions for summary judgment submitted by Plaintiff ("Plaintiff's MSJ"), *see* ECF No. 36, and Defendants ("Defendants' MSJ"), *see* ECF No. 37, (together, "Motions"). The court has reviewed the Motions, Defendants' Statement of Facts ("Defendants' SOF") and supporting memorandum, *see* ECF Nos. 38 and 40, Plaintiff's and Defendants' responses to the Motions, *see* ECF Nos. 43 and 45, all supporting exhibits, and the record in this matter and is thoroughly advised in the premises. Plaintiff did not file a Local Rule 56(a)(2) Statement of Facts,[1] and neither party filed a reply brief. The time for additional briefing has passed, and the Motions are now ripe.

---

[1] Local Rule 56(a)(1) provides: "Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)(2) Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact." Local Rule 56(a)(3) provides that "each denial in an opponent's Local 56(a)(2) Statement[] must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial." Defendants informed Plaintiff of this requirement in their *Notice to Pro Se Litigant*, but Plaintiff has failed to file a statement of facts under Local Rule 56(a)(2). Thus, all material facts set forth in Defendants' SOF are deemed admitted where supported by the evidence.

1

## I.   FACTUAL BACKGROUND[2]

At the time relevant to this action, Plaintiff resided in West Haven.  ECF No. 40 at ¶ 2.  Defendant Gonce was a police officer in the West Haven Police Department ("WHPD"), and Defendant Proto was a captain in WHPD.  *Id.* at ¶ 1.  On June 9, 2017, the WHPD responded to a burglary call near Plaintiff's home in West Haven.  *Id.* at ¶ 3.  A WHPD officer sent out on the police radio a description of two males based on what the victim of the burglary reported to have observed.  *Id.* at ¶ 4.  Defendant Gonce assisted in the investigation of the home invasion and detained Plaintiff after observing him walking away from the direction of the crime scene.  *Id.* at ¶¶ 5-6, 9; ECF No. 38-4 at ¶ 3.  While detaining Plaintiff in his police vehicle, Defendant Gonce did not turn the heat on in the police vehicle.  ECF No. 40 at ¶¶ 9-10.

The victim of the burglary identified Plaintiff through a drive-by identification process as one of the individuals involved with the burglary.  *Id.* at ¶ 7.  Plaintiff was then placed under arrest and transported to the station.  ECF No. 38-4 at ¶ 4.

The WHPD impounded Plaintiff's vehicle but did not search the vehicle until after a search warrant was obtained.  ECF No. 40 at ¶ 11.

---

[2] The court has reviewed all evidence cited by both parties in determining which facts to include here. The Second Circuit has made clear that "a verified complaint may serve as an affidavit for summary judgment purposes[.]" *Patterson v. Cty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (holding that a verified pleading that contains "allegations on the basis of the plaintiff's personal knowledge, and not merely on information and belief, has the effect of an affidavit and may be relied on to oppose summary judgment."). In this instance, though, Plaintiff's complaint is unverified. Accordingly, the allegations in Plaintiff's unverified complaint "cannot be considered as evidence on a motion for summary judgment." *Zayas v. Caring Cmty. of Connecticut*, No. 3:11-CV-442 VLB, 2012 WL 4512760, at *6 (D. Conn. Oct. 1, 2012); *see Thomas v. Jacobs,* No. 19-CV-6554 (CS), 2022 WL 504787, at *1 (S.D.N.Y. Feb. 17, 2022) ("Allegations in Plaintiff's Amended Complaint … cannot be considered as affirmative evidence in this case because the Amended Complaint (unlike his original Complaint …) was not sworn under penalty of perjury as required under 28 U.S.C. § 1746); *Biller v. Excellus Health Plan, Inc.*, No. 14-CV-0043, 2015 WL 5316129, at *1 (N.D.N.Y. Sept. 11, 2015) ("[A] plaintiff may not use her unverified pleading to support a factual assertion in her motion for summary judgment.").

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against the City of West Haven and several officers, including Defendants Gonce and Proto, for violating his constitutional rights during his arrest.  ECF No. 1.  On initial review, the court permitted Plaintiff to proceed against Defendants Gonce and Proto in their individual capacities on his Fourth Amendment claims for excessive force and for unreasonable search and seizure, and on his state law claims for assault and battery.[3]  ECF No. 11.  All other defendants were dismissed from the action.  *Id.*

Plaintiff has filed a one-page, single-paragraph motion for summary judgment on the basis of Defendants' failure to respond to his discovery requests.  ECF No. 36.  In filing his motion for summary judgment, Plaintiff has not filed a memorandum of law or statement of undisputed material facts with supporting evidentiary materials in compliance with Local Rule 56(a).  Defendants have filed an objection to Plaintiff's MSJ.  ECF No. 43.

Defendants also have filed their own motion for summary judgment on the pending claims in the case.  ECF No. 37.  They have supported Defendants' MSJ with a memorandum of law, Defendants' SOF, and evidentiary exhibits in compliance with Local Rule 56(a)(1).  ECF Nos. 38, 40, 38-1 to 38-4.[4]  In a one-page single-paragraph

---

[3] The Court permitted Plaintiff to proceed on his supervisory liability claims against Defendant Proto based on the asserted Fourth Amendment violations, and assault and battery in connection with Plaintiff's arrest.  ECF No. 11 at 10.  The Court dismissed Plaintiff's Fourth Amendment claims based on false arrest or malicious prosecution; Fourteenth Amendment violation in connection with his arrest and property deprivation; supervisory liability claims against Commissioner Raymond Collins and Chief of Police John Karajains; municipal liability claims against West Haven; and his requests for declaratory and injunctive relief.  *Id.* at 6, 8-14, 17.  Plaintiff did not file an amended complaint to cure the deficiencies of the claims dismissed on initial review.

[4] Defendants' SOF is supported by exhibits including police reports and Defendant Gonce's affidavit.  *See* ECF Nos. 38-1, 38-2, 38-4.  The court's consideration of the Motions may rely on evidence, including police records, that are admissible at trial.  S*ee, e.g., Smith v. City of New York*, 697 Fed Appx. 88, 89 (2d

3

response, Plaintiff asserts that the evidence shows Defendant Gonce acted as "someone with a chip on [his] shoulder" and that it would be less expensive to settle the case. ECF No. 45.

The Local Rules ensure that a pro se party thoroughly is advised of the procedural requirements for opposing a summary judgment motion, *see* D. Conn. L. Civ. R. 56(b), and Defendants have complied with the Rule's requirement to serve on Plaintiff a notice detailing the rules that govern a motion for summary judgment. *See* ECF No. 39. The fact that a party is self-represented does not relieve it of the obligation to respond to a motion for summary judgment and to support its claims with evidence as the rules require. *See Nguedi v. Fed. Reserve Bank of New York*, 813 F. App'x 616, 618 (2d Cir. 2020).

## II. STANDARD OF REVIEW

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact, and thus the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law.

---

Cir. 2017) (district court may rely on police reports at summary judgment because statements therein "could readily be reduced to admissible form at trial through the testimony of the defendant officers as to the underlying events in question"). As previously noted, Plaintiff has not posed any objection to Defendants' SOF.

*Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense...." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The nonmovant cannot "rely on conclusory allegations or unsubstantiated speculation but must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). If the nonmovant fails "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," then the movant will be entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a

material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

### III. DISCUSSION

#### A. Plaintiff's MSJ

In his MSJ, Plaintiff argues that the court should enter judgment in his favor because he asserts that Defendants have failed to respond to his interrogatories. ECF No. 36. Defendants counter that Plaintiff has not served any interrogatories on them and that they have provided him with their initial disclosures under Federal Rule of Civil Procedure 26. ECF No. 43.

As an initial matter, Plaintiff's MSJ provides no ground for the court to grant summary judgment in his favor. Plaintiff has not identified any admissible evidence to demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. If Defendants failed to comply with Plaintiff's requests for discovery, Plaintiff could have filed a motion to compel under Rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37; Local Rule 37. To the extent that he required more time to conduct discovery, Plaintiff could have requested an extension of time. See Fed. R. Civ. P. 6(b); Local Rule 7(b). Therefore, Plaintiff's MSJ must be denied.

#### B. Plaintiff's Notice Regarding Discovery

Plaintiff also has filed a notice explaining that he did not respond to Defendants' motion for summary judgment because he had not received "paperwork" that was "part of discovery." ECF No. 44. Even if the court construes Plaintiff's notice as a request

under Federal Rule of Civil Procedure 56(d) to permit additional discovery prior to consideration of Defendants' MSJ, Plaintiff has not made a showing that he cannot "present facts essential to justify [his] opposition." Fed. R. Civ. P 56(d).[5]

Under Federal Rule of Civil Procedure 56(d), when a party argues that they need additional discovery in order to defeat a motion for summary judgment, the party must submit an affidavit showing: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013) (quoting *Meloff v. N.Y. Life Ins. Co.,* 51 F.3d 372, 375 (2d Cir. 1995)) (other citations and internal quotations omitted) (summary order). Failure to file a Rule 56(d) affidavit "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate," and a reference to the need for additional discovery in a memorandum in opposition to summary judgment is not an adequate substitute for the required affidavit. *Id.* at *14 (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132,1137 (2d Cir. 1994)). Here, Plaintiff has not provided any affidavit or even explained what specific information he requires from Defendants in order to be able to respond to Defendants' motion for summary judgment.

Even where a Rule 56(d) motion is properly supported with an affidavit, the court may decline to permit additional discovery where the discovery request is "'based on

---

[5] Rule 56(d) provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

speculation as to what potentially could be discovered.'" *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 117 (2d Cir. 2001) (quoting *Paddington Partners*, 34 F.3d at 1138). A "bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment." *Crye Precision LLC v. Duro Textiles, LLC*, 689 F. App'x 104, 108 (2d Cir. 2017) (quoting *In re Dana Corp.*, 574 F.3d 129, 149 (2d Cir. 2009)).

The court's initial review order notified Plaintiff that discovery must be completed by October 2, 2020. ECF No. 11 at 18. The court extended the discovery deadline to September 3, 2021. ECF No. 13. The court later granted Plaintiff's motion for extension of time so that he could answer interrogatories and requests for production from Defendants by October 15, 2021. ECF Nos. 32, 33. Accordingly, the record shows that Plaintiff understood that he could file for an extension of time if he required more time to obtain information from Defendants (and that he knew how to do so). Nevertheless, no such request was submitted in this instance.

Plaintiff states in conclusory terms that Defendants have not responded to his discovery requests. It remains unclear whether Plaintiff seeks any information essential to his opposition that has not been provided to him already through initial disclosures, or that he does not already retain as personal knowledge. Accordingly, the court will not afford Plaintiff an opportunity to conduct additional discovery under Rule 56(d).

**C.    Defendants' MSJ**

Defendants argue that Plaintiff's § 1983 claims based on the asserted Fourth Amendment violations fail as a matter of law.

8

"Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999); *see also* 42 U.S.C. § 1983.  "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations and internal quotation marks omitted).  Thus, for a § 1983 claim to survive a defendant's motion for summary judgment, a plaintiff must show a genuine issue of material fact regarding "the defendants' personal involvement in the alleged constitutional violation."  *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017) (summary order).

1.      **Fourth Amendment Excessive Force Claim Against Defendant Gonce**[6]

Plaintiff alleged in his complaint that while he was detained in the police cruiser, he requested air conditioning due to the heat of the day, but Defendant Gonce closed all the windows and turned the heat on full blast. ECF No. 1 at ¶ 14.  He claims that he

---

[6] The Court notes that its initial review in this case was issued prior to the Second Circuit's ruling in *Shakir v. Stankye*, which explained that a pre-arraignment detainee's claim about a condition of confinement arises under the Fourteenth Amendment rather than the Fourth Amendment.  805 Fed. App'x 35, 40-41 (2d Cir. 2020) (summary order).  Plaintiff's complaint may be construed to present a Fourteenth Amendment claim based on Defendant Gonce's alleged deliberate indifference to Plaintiff's exposure to heat while he was confined in the police vehicle.  However, the instant evidentiary record raises neither an inference that Plaintiff was subjected to a heat exposure that posed an unreasonable risk of serious harm to him, nor that Defendant Gonce acted intentionally to place him at risk of dangerous heat exposure or recklessly in failing to mitigate the risk posed by heat in the police car.  *See Darnell v. Pieneiro*, 849 F.3d 17, 30, 35 (2d. Cir. 2017).  Accordingly, the present record provides no support for a Fourteenth Amendment deliberate indifference claim based on Plaintiff's exposure to heat in the police vehicle.

remained inside the cruiser for approximately forty-five minutes to one hour and repeatedly requested that Defendant Gonce turn off the heat, but Defendant Gonce refused. *Id.* at ¶¶ 15-16.

The court specifically allowed this claim to proceed past initial review based upon the alleged intentional overheating of the vehicle. *See* ECF No. 11 at 15. As previously noted, however, this allegation is unverified,[7] and Defendants' uncontroverted assertion is that Defendant Gonce merely placed Plaintiff in the police vehicle and did not turn on the heat. *See* ECF Nos. 40 at ¶ 10, 38-4 at ¶ 6. Because Plaintiff has not adduced any evidence to raise even an inference that Defendant Gonce subjected him to any unreasonably hot temperatures while he was detained in Defendant Gonce's police vehicle, Defendants are entitled to summary judgment on this claim.

### 2. Unreasonable Search/Seizure

The court's initial review order permitted Plaintiff's Fourth Amendment claims based on the allegedly unreasonable search and seizure of Plaintiff's alleged vehicle to proceed for further development. ECF No. 11 at 8. Defendants assert that Plaintiff cannot show a violation of the Fourth Amendment based on the search and seizure of the vehicle at issue. ECF 38 at 5.

"The Fourth Amendment prohibits unreasonable searches and seizures." *Milner v. Duncklee*, 460 F. Supp. 2d 360, 367 (D. Conn. 2006). "A 'search' in the context of the Fourth Amendment occurs when the police intrude upon a person's reasonable

---

[7] Plaintiff's unverified allegations do not present evidence on a motion for summary judgment. *Thomas,* No. 19-CV-6554 (CS), 2022 WL 504787, at *1 n. 1.

10

expectation of privacy or if the police otherwise trespass upon one's person, house, papers, or effects for the purpose of acquiring information." *Conroy v. Caron*, 275 F. Supp. 3d 328, 340 (D. Conn. 2017) (citing *Florida v. Jardines*, 569 U.S. 1 (2013)). Thus, "[a] plaintiff may bring a [§] 1983 action for an unreasonable warrantless search." *Doe v. Bridgeport Police Dept.*, No. 3:00-CV-2167 (JCH), 2000 WL 33116540, at *4 (D. Conn. Nov. 15, 2000). If the plaintiff has a reasonable expectation of privacy in the place being searched, the defendants have the burden of showing that the search was valid because it satisfied an exception to the warrant requirement. *Id.*

Normally, a government official must obtain a warrant, issued by a judicial officer upon probable cause, to search or seize a person's property. *See, e.g.*, *Coolidge v. New Hampshire*, 403 U.S. 443, 449 (1971). "Where law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant," the law enforcement authority may seize "the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present." *United States v. Place*, 462 U.S. 696, 701 (1983). Pursuant to the automobile exception, "police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." *United States v. Howard*, 489 F.3d 484, 492 (2d Cir. 2007); *see Cardwell v. Lewis*, 417 U.S. 583, 590 (1974) (highlighting the "exigent circumstances that exist in connection with movable vehicles" because "the opportunity to search is fleeting since a car is readily movable," which "is strikingly true when the

11

automobile's owner is alerted to police intentions and, as a consequence, the motivation to remove evidence from official grasp is heightened") (citing *Chambers v. Maroney*, 399 U.S. 42, 51 (1970)).  "[W]hether a decision to impound is reasonable under the Fourth Amendment is based on all the facts and circumstances of a given case."  *United States v. Lyle*, 919 F.3d 716, 731 (2d Cir. 2019).  Thus, a vehicle impoundment must be supported by probable cause if undertaken for investigatory purposes.  *See Harper v. Town of Newburgh*, 2020 WL 1140858, at *13 (S.D.N.Y. Mar. 6, 2020) (citing *South Dakota v. Opperman*, 428 U.S. 364, 368, 370 n.5 (1976)).

Probable cause is a "fluid concept" that "turn[s] on the assessment of probabilities in particular factual contexts."  *Illinois v. Gates*, 462 U.S. 213, 232–33 (1983).  Whether probable cause exists must be evaluated by taking into account the totality of the circumstances.  *See id.* at 234; *see also Jenkins v. City of New York*, 478 F.3d 76, 90 (2d Cir. 2007).  The probable cause determination is objective; it should be made without regard to the officer's subjective motives or belief regarding the existence of probable cause.  *Barnett v. City of Yonkers*, 2018 WL 4680026, at *7 (S.D.N.Y. Sept. 28, 2018).  Probable cause may exist even where an officer has mistaken information, so long as it was reasonable for the officer to rely on the information.  *See Mistretta v. Prokesch,* 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998).

Here, the evidentiary record substantiates that no Fourth Amendment violation occurred in connection with the seizure and impoundment of the vehicle, particularly when it was seized because a witness connected it to a reported burglary, and when it was impounded pending application for a search warrant.  *See* ECF No. 38-2 at 5.

Specifically, the police reports reflect that Plaintiff had been identified by a witness as being involved in the burglary, Plaintiff reported he was "hanging out with friends" at the address where the vehicle was parked, the police were informed that the vehicle belonged to Plaintiff, and a witness also identified the vehicle as being involved with the burglary.  ECF Nos. 38-1 at 2-3; 38-2 at 2, 4.  Thus, the present record demonstrates that the impoundment of the vehicle was supported by probable cause based on the West Haven police officers' reasonable belief that it contained evidence of the burglary. ECF No. 38-2 at 4.

It is undisputed that the police searched the vehicle after a warrant was obtained from a judge authorizing them to do so.  ECF No. 40 at ¶ 11; *see* ECF Nos. 38-2 at 4, 10; 38-4 at ¶ 7.  "[A] search pursuant to a warrant issued by a judicial officer upon a finding of probable cause is presumptively reasonable."  *Siddiqui v. Rocheleau*, 818 F. App'x 20, 22 (2d Cir. 2020) (quoting *Ganek v. Leibowitz*, 874 F.3d 73, 81 (2d Cir. 2017)).  A plaintiff can defeat a search warrant's presumption of reasonableness by showing that: (1) the affiant knowingly and intentionally, or with a reckless disregard of the truth, made false statements or omissions in his application for a warrant, and (2) such statements or omissions were necessary to the finding of probable cause.  *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

Plaintiff has not adduced any evidence to raise an inference that Defendants lacked probable cause to impound the vehicle under the circumstances.  Nor has he advanced any argument or evidence to challenge the search warrant's presumption of

13

reasonableness.  Likewise, no evidence in the record suggests that the search pursuant to the warrant was conducted unreasonably.

Accordingly, no reasonable juror could conclude based on the present record that Plaintiff's Fourth Amendment rights were violated by the search and seizure of the vehicle.  The Defendants' MSJ therefore must be granted on this claim as well.

### 3. Fourth Amendment Supervisory Claims Against Defendant Proto

On initial review, the court permitted Plaintiff to proceed on his Fourth Amendment supervisory liability claims against Defendant Proto based on his involvement with an internal investigation related to Plaintiff's arrest.  ECF No. 11 at 9-10.

Defendants have not moved for summary judgment on the supervisory liability claims against Defendant Proto.  However, the court may dismiss the Fourth Amendment supervisory liability claims against Defendant Proto as not plausible pursuant to section 1915(e)(2) of title 28 of the United States Code.  *See* 28 U.S.C. § 1915(e)(2)(b)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted.").[8]

The Second Circuit has clarified that "there is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' ... The violation must be established against the supervisory official *directly*."  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (emphasis added) (quoting *Ashcroft v.*

---

[8] The statute also clearly states that dismissal of such claims is appropriate regardless of any portion of the filing fee having been paid.  28 U.S.C. § 1915(e)(2).

14

*Iqbal*, 556 U.S. 662, 676 (2009)). Thus, in order to "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Id.* at 620. "The focus is on what the *supervisor* did or caused to be done, the resulting injury attributable to his conduct, and the *mens rea* required of him to be held liable, which can be no less than the *mens rea* required of anyone else." *Id.* at 618. In his complaint, Plaintiff alleged only that Defendant Proto had after-the-fact notice of the alleged conduct by Defendant Gonce. ECF No. 1 at ¶¶ 23-24. S*ee Ziemba v. Armstrong*, 430 F.3d 623, 625 (2d Cir. 2005) (finding insufficient evidence to support claim for supervisory liability where supervisor did not learn of incident until long after it concluded); *Pilj v. Doe*, No. 3:20-CV-771 (VAB), 2020 WL 6826739, at *5 (D. Conn. Nov. 20, 2020) (concluding that knowledge of an isolated incident after the incident's conclusion does not support a claim for supervisory liability). There is no allegation that Defendant Proto had plausible direct involvement in any Fourth Amendment violation in connection with Plaintiff's arrest. Furthermore, the court's determination that Defendant Gonce's conduct did not violate any of Plaintiff's rights necessarily means that Defendant Proto's did not, either. *See Poe v. Leonard*, 282 F.3d 123, 134 (2d Cir. 2002) (stating that qualified immunity requires showing that official violated clearly established law and noting that, in the supervisory liability context, a court's focus must be on whether the law was clearly established both as to the underlying constitutional violation as well as supervisory liability doctrine by which the supervisor would be held liable).

Accordingly, the court dismisses the Fourth Amendment supervisory liability claim against Defendant Proto under 28 U.S.C. § 1915(e)(2)(b)(ii).

### 4. Assault and Battery

The Court permitted Plaintiff to proceed on his state law claims of assault and battery against Defendants Gonce and Proto. However, because the court grants Defendants' MSJ on Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over the state law assault and battery claims. *See* 28 U.S.C. § 1367(c)(3) (providing that the court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all claims over which it has original jurisdiction). Accordingly, these claims are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment, ECF No. 36, is **DENIED**.
2. Defendants' Motion for Summary Judgment, ECF No. 37, is **GRANTED**.
3. Plaintiff's Fourth Amendment supervisory liability claims against Defendant Porto are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).
4. Plaintiff's state law assault and battery claims are **DISMISSED without prejudice**.
5. The Clerk of Court respectfully is instructed to enter judgment in Defendants' favor and to **CLOSE** this case.

**SO ORDERED** at Hartford, Connecticut, this 19th day of August, 2022.

                                                                                         _____/s/_____
                                                                      OMAR A. WILLIAMS
                                                                      UNITED STATES DISTRICT JUDGE